## Allen v. Louisville & Nashville Railroad Company.

(Decided December 11, 1913).

### Appeal from Allen Circuit Court.

Res Judicata.—Where a railroad company furnished to a shipper transportation at less rates than it was allowed by law to charge, and afterwards sued the shipper to recover, and did recover, the difference between the rate that was charged and the rate that should have been charged, the judgment in this case is a bar to a subsequent action by the shipper to recover from the company the amount he paid under the judgment, upon the ground that the company practiced a fraud upon him in charging him a less rate than it knew it had the right to charge, thereby inducing him to enter into contracts that he would not have entered into except for the deception practiced by the company in giving him a lower rate than he was entitled to.

BRADBURN & BASHAM and O. M. HENTON for appellant.

BENJAMIN D. WARFIELD, GOAD & OLIVER and CHARLES H. MOORMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1912 the appellee herein brought suit against the appellant in the Allen Circuit Court to recover from him $732 alleged to be due it on account of under charges made by it to him in a shipment of freight. The lower

court decided this case against the railroad company and upon appeal to this court, we reversed the judgment of the lower court, holding that the railroad company was entitled to recover the amount sued for. (See opinion in 152 Ky., 145.) Afterwards Allen, in settlement of that case, paid to the railroad company $962.44, and thereupon brought this suit, seeking to recover from the Louisville & Nashville Railroad Co. the amount so paid. The lower court dismissed his petition and he appeals.

In his petition he averred in substance that the railroad company purposely concealed from him the freight rate that he should have been charged for the shipments he was about to make, and for the purpose of inducing him to purchase and manufacture a lot of timber to be shipped over its line, furnished to him a freight rate less than the rate that should have been charged, and that acting upon the information as to what the freight rate would be, he purchased and manufactured a lot of timber and shipped it over the road of the company, paying therefor the rates it had represented to him would be charged.

The right of recovery in this action is based on the ground that the company deceived the plaintiff by representing that the freight charges would be a specified sum, on the faith of which representation he was induced to purchase the lumber, manufacture the timber and ship it over the road of the company; that he would not have purchased or manufactured the timber or have paid out in the purchase and manufacture the sums he did had he known that he would be required to pay a larger freight rate than the rate that was agreed on before he purchased or manufactured it. In other words, the substance of the charge is that the company, with the fraudulent purpose of inducing him to purchase and manufacture the timber and ship it over its line of road, in order that it might receive the charges for transportation, furnished to him a rate that it knew was less than it had the right to exact, and did this with the purpose and expectation of subsequently requiring him to pay the lawful rate.

It seems to us that the appellant's right to recover in this case is conclusively barred by the opinion of this court heretofore referred to. If the appellant in this action should be allowed to recover back the amount he was required to pay in the other case, the result would be precisely the same as if he had succeeded in the

other case. Whatever right the appellant may have had to obtain the relief here sought is concluded adversely, to him by the former opinion of this court.

Wherefore, the judgment is affirmed.